**UNITED STATES of America,**
**Appellant,**

v.

**Claudia RAMIREZ, Defendant–**
**Appellee.**

**Nos. 00–1594 L, 00–1595 XAP.**

United States Court of Appeals,
Second Circuit.

March 23, 2001.

Linda A. Lacewell, Assistant United States Attorney; Cecil C. Scott, Assistant United States Attorney, on the brief, for Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY, for appellant.

Philip L. Weinstein, The Legal Aid Society, New York, NY, for appellee.

Present LEVAL, and SACK, Circuit Judges, and PATTERSON,* District Judge.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is VACATED.

The United States appeals from a judgment issued July 6, 2000, sentencing the defendant, Claudia Ramirez, to 30 months imprisonment, three years' supervised release, and a $100 special assessment for conspiring to engage in money laundering, in violation of 18 U.S.C. § 1956(h). The government argues that the district court erred by departing downward seven levels below the applicable Sentencing Guideline range based on extraordinary family circumstances.

A court may depart from the Sentencing Guideline range if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). The Commission has clarified that "sentencing courts [should] treat each guideline as carving out a 'heartland,' a set of typical cases," and that "[w]hen a court finds an atypical case ... the court may consider whether a departure is warranted." *U.S. Sentencing Guidelines Manual* ch. 1, pt.

A, § 4(b) (1998). In our view, this case does not fall outside the "heartland" of typical cases. We believe a downward departure was not warranted.

We vacate and remand for resentencing.